UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:21-CR-00078-DCLC-CRW |
| v. | ) | |
| MALIK ANTONIO DUNN, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline Amendment 821, Part A (the "Motion") [Doc. 119]. The Government filed a response [Doc. 124], and a Motion for Nunc Pro Tunc Extension of Time to File to Respond to Defendant's Motion for Sentence Reduction ("Extension Motion") [Doc. 123]. The Government's Extension Motion [Doc. 123] is **GRANTED** and for the reasons explained herein, Defendant's Motion [Doc. 119] is **GRANTED** and Defendant's term of imprisonment shall be reduced to 87 months' incarceration.

I.  **BACKGROUND**

On March 1, 2022, Defendant pled guilty to conspiracy to distribute 50 grams or more of methamphetamine pursuant to 21 U.S.C. § 841(b)(1)(A). [Doc. 57]. Based on a total offense level of 31 and a criminal history category of III, based on four criminal history points, including two status points, the Court calculated Defendant's advisory guideline range as 135 to 168 months' imprisonment and sentenced Defendant near the middle of the range to 156 months. [Doc. 87; Doc. 88]. On February 25, 2025, the Court reduced Defendant's sentence to 97 months in prison based on the Government's motion for a three-level reduction. [Doc. 115]. Defendant is expected to complete his sentence in September 2027. *See* Federal Bureau of Prisons, Inmate Locator,

available at https://www.bop.gov/inmateloc/ (accessed May 21, 2025). Defendant now seeks a sentence reduction pursuant to Guideline Amendment 821. [Doc. 119].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with seven or more criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant had two criminal history points for his prior convictions, and he received two status points because of he was on state probation for those offenses when he committed the instant offense. [Doc. 73, at ¶¶ 35-37]. If sentenced today, Defendant would receive no status points under U.S.S.G. § 4A1.1, resulting in a total of two

2

criminal history points instead of four. That would reduce Defendant's criminal history category from III to II with an amended guideline range of 121 to 151 months. A comparable three-level reduction to reflect the Court's Order granting the Government's motion [Doc. 115] would yield a guideline range of 87-108 months' imprisonment. Defendant has incurred two disciplinary infractions while in custody, but they are not recent and neither involve violence or injuries. While in custody, Defendant has dedicated many hours towards rehabilitation and exhibits efforts to become a meaningful member of society upon release. The Government defers to the Court's discretion in this case. Upon review of the Government's prior motion, the Court finds that a comparable reduction is appropriate in this case. Because the Government recommended a bottom of the guideline range in its prior motion, the Court finds it appropriate to reduce Defendant's sentence to the bottom of the Guideline range of 87 months' imprisonment. Accordingly, based on the record as a whole, the Court finds that a ten-month reduction is appropriate in this case.

### III. CONCLUSION

For the reasons stated herein, the Government's Extension Motion [Doc. 123] is **GRANTED** and Defendant's Motion [Doc. 119] is **GRANTED**. Defendant's sentence is reduced to 87 months.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge